## Weekly Abstract of
## PENDING CASES

### No. 356
### LEONARD et v. ELGIN J. & E. RY. CO.
### No. 18968—Supreme Court

Motion to direct Hamilton Court Appeals to certify. Dock. Feb. 20, 1925, 3 Abs. 130.

317. COUNTERCLAIM—Is a defendant denied the right to set up in his cross-petition a counter-claim against plaintiff, where plaintiff was bringing an action for freight charges?

The firm of Leonard, Crosset, & Riley shipped a car of water melons, which were to be delivered to Joliet, Ill. The Elgin, Joliet and Eastern Railway Co. was the delivering carrier. The car arrived at Joliet Aug. 2, 1922 and soon after was refused by the consignee to whom the car had been sold $170 f. o. b. shipping point. Leonard claimed that the car was allowed to stand at the destination for eight or nine days before notifying him of its refusal, within which time the car became practically worthless. Leonard presented his claim to the initial carrier, but since there was no liability on that end he made his claim to the E. J. & E. Ry. Co. Then the Railway Co. brought suit in the Municipal Court at Cincinnati claiming freight charges against Leonard in the amount of $138, including demurrage charges.

Leonard answered, denying liability for the freight charges and set up a cross-petition claiming the $170. Leonard had never been

## OHIO SUPREME COURT—Continued

advised of the amount for which the car load of melons had been sold after refusal by consignee. The Company raised the question of Leonard's right to file a counter-claim, in its argument to the court. The Municipal Court entered judgment for the Railway Co., said judgment being affirmed in the Hamilton Common Pleas and the Court of Appeals.

Leonard, in taking the case to the Supreme Court, contends that the lower courts erred in holding that he could not enter a counter-claim. He claims that the Railway Co. waived its right of objecting to such a counter-claim by filing its reply, and signing and consenting to filing of a stipulation and proceeding to trial. Fitzgerald v. Cross. 30 OS 444. He also declares that he has been denied rights in violation of the Constitutions of the United States and of Ohio, referring to the item in Constitution of U. S., Art. 14, Sec. 1, and Ohio, Art. 1, Sec. 16, which reads that "a person shall not be deprived of life, liberty or property without due process of law, nor deny to anyone within its jurisdiction, the equal protection of laws."

Attorneys—Hightower & O'Brien and C. A. Schneiders for Leonard et; Maxwell & Ramsey for Ry. Co.; all of Cincinnati.